## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

AJA SMITH,
an individual,

       Plaintiff,

v.

BANK OF AMERICA, N.A.,
a national association,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

       Defendants.

_____/

Case No.:

## **COMPLAINT**

**COMES NOW**, Plaintiff, AJA SMITH (hereinafter, "Plaintiff"), by and

through the undersigned counsel, and hereby sues Defendants, BANK OF

AMERICA, N.A. (hereinafter, "BANA"), EQUIFAX INFORMATION SERVICES

LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC.

(hereinafter, "Experian") and TRANS UNION LLC (hereinafter, "Trans Union")

(hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## **PRELIMINARY STATEMENT**

    1.    This is an action brought by an individual consumer for damages for

BANA's violation of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein BANA improperly credit-reported and subsequently verified objectively-inaccurate information related to a consumer debt account allegedly owed to BANA on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Equifax, Experian, and Trans Union.

2.    Additionally, this is an action for damages for Equifax's, Experian's, and Trans Union's violations of the FCRA wherein Equifax, Experian, and Trans Union each continued to incorrectly report such BANA account as a derogatory, negative, or adverse account despite Plaintiff's repeated disputes to Equifax, Experian, and Trans Union explaining and proving that such account should be reported as paid and closed.

## JURISDICTION, VENUE & PARTIES

3.    Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4.    Defendants are subject to the jurisdiction of this Court, as BANA, Equifax, Experian, and Trans Union each regularly transact business in this District.

5.    Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6.    At all material times herein, Plaintiff is a natural person residing in Broward County, Florida.

7.    At all material times herein, BANA is a national association with its principal place of business located at 100 North Tryon Street, Charlotte, North

Carolina 28255.

8.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the State of Georgia, with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

9.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies

the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

16.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that

4

compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

19.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

20.     At all material times herein, BANA, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Broward County, Florida.

21.     At all material times herein, BANA is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.    At all material times herein, BANA reports information concerning a consumer credit card account to Equifax, Experian, and Trans Union, including but not limited to, a tradeline account related to an alleged BANA Account, referenced by account number beginning 6400416860- (hereinafter, the "Account").

23.    At all material times herein, Plaintiff paid and closed the Account with no further balance due in December 2023.

24.    Notwithstanding the immediately-aforementioned pay off and closure, BANA failed to accurately report the Account with a zero-dollar balance due to Equifax, Experian, and Trans Union, and instead reported the Account with late payments history.

25.    At all material times herein, BANA furnishes incorrect and/or incomplete information concerning the Account to Equifax, Experian, and Trans Union—continuing after Plaintiff's repeated disputes—despite having received Plaintiff's final payment amounts when Plaintiff closed the Account.

26.    BANA furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

27.    At all material times herein, Equifax, Experian, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling,

6

evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax, Experian, and Trans Union disburse such consumer reports to third parties under contract for monetary compensation.

28.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

29.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

30.     On or about August 25, 2023, Plaintiff opened an account with BANA (the "Account").

31.     Plaintiff made my monthly payments on time and in full on this account.

32.     During or about December 2023, Plaintiff paid off and closed the account.

33.     As such, as of December 2023, Plaintiff no longer owed a balance to BANA on the Account and the Account was no longer an open and/or past due financial obligation.

34.     Despite Plaintiff not owing a balance on the Account no later than December 2023, BANA failed to report the Account to Equifax, Experian, and Trans Union as paid, closed and with no late or derogatory payment history, and instead BANA continued to report the Account as 30 days late.

35.     More specifically, on Plaintiff's February 28, 2024 Trans Union report, Trans Union reported the account with a status of ">Paid, Closed; was 30 days past due date<" and as 30 days lates in December 2023.

36.     Similarly, on Plaintiff's March 20, 2024 Experian report, Experian reported the account as 30 days late in December 2023.

37.     Finally, on Plaintiff's March 20, 2024 Equifax report, Equifax reported the account with a status of "NOT_MORE_THAN_TWO_PAYMENTS_PAST_DUE."

38.     Such reporting of the account is inaccurate, as Plaintiff made monthly payments each month on time and in full before closing the account.

39.     On or about March 28, 2024, upon contacting BANA regarding the late payment history, Plaintiff received a letter from BANA, confirming that the account was current with no history of delinquency.

## PLAINTIFF'S DISPUTES

40.     Following the receipt of the letter from BANA, confirming that the account was current with no history of delinquency, Plaintiff disputed the erroneous reporting of the Account to Equifax, Experian, and Trans Union, including a copy of the letter as proof of her dispute (hereinafter, Plaintiff's "Online Dispute").

41.     In response to Plaintiff's Online Dispute, Equifax, Experian, and Trans Union each purportedly verified their reporting of the Account and continued to report the Account with late and/or derogatory payment history.

42.     On or about April 16, 2025, and with the assistance of her attorneys,

Plaintiff sent a letter to Equifax, Experian, and Trans Union disputing Defendants' credit reporting of the Account, advising that the Account should be reported with a status of "Closed/never late" with the monthly payment history marked as "OK" for each month the account has been open, and demanding that Equifax, Experian, and Trans Union investigate and update accordingly (hereinafter, "Plaintiff's Written Dispute").

43.     Equifax, Experian, and Trans Union received Plaintiff's Written Dispute.

44.     In response to Plaintiff's Written Dispute, Equifax, Experian, and Trans Union each corrected and/or deleted their reporting of the Account.

## DAMAGES

45.     As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

46.     Following Plaintiff's Online Dispute, Equifax, Experian, and Trans Union each generated and published Plaintiff's credit reports containing the inaccurate late payment history on the Account.

47.     Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct.

48.     Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter

against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

49.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

50.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

51.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite paying off and satisfying the Account, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to BANA)**

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

10

52.     BANA is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate/re-investigate Plaintiff's numerous disputes, failing to review all relevant information regarding the same (which included their <u>own</u> documents), and failing to request that Equifax, Experian, and Trans Union correct the reporting of the Account on Plaintiff's credit reports and credit file after investigating/re-investigating Plaintiff's repeated disputes.

53.     As described above, Plaintiff paid off and closed the Account during December 2023, extinguishing all balances owed on the Account no later than December 2023.

54.     Despite Plaintiff not owing a balance on the Account no later than December 2023, BANA failed to report the Account to the national credit bureaus as closed and with positive, current payment history, and instead reported the Account as thirty (30) days late.

55.     Prior to or about March 2025, BANA received notice of Plaintiff's Online Dispute from Equifax, Experian, and Trans Union, and BANA received copies of all documents enclosed with Plaintiff's Online Dispute.

56.     Following Plaintiff's Online Dispute, BANA confirmed and/or verified its false reporting to Equifax, Experian, and Trans Union showing that the Account was thirty (30) days late, and BANA failed to report the Account with a status of "Closed/never late" with the monthly payment history marked as "OK" for each

11

month the account has been open.

57.      Plaintiff made each payment on the Account timely and in full and closed the Account in December 2023 with no further balance due.

58.      As such, it is inaccurate and/or materially misleading to report that the Account was thirty (30) days late.

59.      BANA's refusal to request that Equifax, Experian, and Trans Union correct the tradeline associated with the Account was done intentionally, willfully, and/or knowingly as BANA clearly possessed knowledge of the payoff of the Account and the subsequent closure thereof.

60.      BANA's investigations/re-investigations were not conducted in good faith.

61.      BANA's investigations/re-investigations were not conducted reasonably.

62.      BANA's investigations/re-investigations were not conducted using all information reasonably available to BANA.

63.      As a result of BANA's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit applications, and she was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of BANA's derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the

12

Account being reported as a derogatory, negative, or adverse tradeline account.

64.    BANA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

65.    BANA's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Equifax, Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

66.    Equifax, Experian, and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

67.    Equifax, Experian, and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

68.     Despite Plaintiff paying off the Account and closing it no later than December 2023—and despite Plaintiff's repeated disputes advising Equifax, Experian, and Trans Union of the same- Equifax, Experian, and Trans Union continued to unlawfully report the Account with negative payment history.

69.     More specifically, despite Plaintiff not owing a balance on the Account as a result of paying off the Account and closing it in December 2023—and despite Plaintiff notifying Equifax, Experian, and Trans Union of the same through Plaintiff's disputes including enclosed copies of BANA's letter confirming the same— Equifax, Experian, and Trans Union continued to report the Account as thirty (30) days late.

70.     Such reporting of the Account is false and evidences Equifax's, Experian's, and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

71.     Plaintiff made each payment on the Account timely and in full and closed the Account in December 2023 with no further balance due.

72.     As such, it is inaccurate and/or materially misleading to report that the Account was thirty (30) days late.

73.     Between December 2023 and the date of this Complaint, Equifax, Experian, and Trans Union each generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

74.     Overall, Equifax, Experian, and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum

possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Equifax, Experian, and Trans Union credit reports and credit file.

75.     As a result of Equifax's, Experian's, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making additional/further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

76.     Equifax's, Experian's, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

77.     Equifax's, Experian's, and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**

## <u>SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)</u>
## <u>(as to Equifax, Experian, and Trans Union)</u>

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

78.     Equifax, Experian, and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1),  1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

79.     Specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

80.     For example, after receiving Plaintiff's Online Dispute, Equifax, Experian, and Trans Union each failed to request any documents from BANA.

81.     Instead, following Plaintiff's Online Dispute, Equifax, Experian, and Trans Union each parroted purported verifications from BANA, and continued to report the Account with a late payment history.

82.     Rather than conduct its own, independent investigation/re-investigation

16

regarding Plaintiff's several disputes, Equifax, Experian, and Trans Union solely relied on BANA's blanket and parroted assertions that Defendants were entitled to report the Account with late payment information, including but not limited to the inaccurate, incomplete, and misleading reporting of the Account as thirty (30) days late following the date of payoff and closure.

83.     Equifax, Experian, and Trans Union did not request any documents from BANA corroborating information furnished and/or verified by BANA regarding Plaintiff and the Account in response to any of Plaintiff's disputes, and Equifax, Experian, and Trans Union wholly ignored the documents submitted by Plaintiff with her repeated disputes.

84.     Equifax's, Experian's, and Trans Union's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

85.     Despite receiving Plaintiff's Online Dispute, which explained that Plaintiff had paid off the Account and closed it in December 2023, which allowed Equifax, Experian, and Trans Union to determine that the Account must be corrected, Equifax, Experian, and Trans Union *continued* to report the Account as thirty (30) days late.

86.     As such, Equifax's, Experian's, and Trans Union's investigation/re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Equifax, Experian, and Trans Union failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

87.     Such reporting is false and evidences Equifax's, Experian's, and Trans Union's respective failures to conduct reasonable investigation/re-investigations of Plaintiff's repeated disputes.

88.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted reasonably.

89.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by BANA.

90.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted in good faith.

91.     Equifax's, Experian's, and Trans Union's investigation/reinvestigation procedures are unreasonable.

92.     Equifax's, Experian's, and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Equifax, Experian, and Trans Union.

93.     Equifax's, Experian's, and Trans Union's investigation/reinvestigations were *per se* deficient by reason of these failures in Equifax's, Experian's, and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

94.     As a result of Equifax's, Experian's, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making additional/further credit applications as she believed she would not be able to obtain favorable credit terms as a result of

Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

95.    Equifax's, Experian's, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

96.    Equifax's, Experian's, and Trans Union's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against BANA, Equifax, Experian, and Trans Union for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorney's fees and costs; and

f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, AJA SMITH, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ Jon P. Dubbeld
Jon P. Dubbeld, Esq., FBN 105869
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

20