**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

**CASE NO.: 0:25-cv-60831-MD**

AJA SMITH,

     Plaintiff,

v.

BANK OF AMERICA, N.A., EQUIFAX
INFORMATION SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC. AND TRANS
UNION, LLC

Defendants.

                                              /

**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("BANA") answers Plaintiff Aja Smith's ("Plaintiff")

Complaint (the "Complaint") and states as follows.

**PRELIMINARY STATEMENT**

1.     BANA admits that Plaintiff purports to bring a cause of action for alleged violations

of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  However, BANA denies

that Plaintiff has stated a cause of action or is entitled to any of the relief sought or damages

claimed in the Complaint.  BANA denies the remaining allegations and legal conclusions in

paragraph 1 of the Complaint.

2.     The allegations set forth in paragraph 2 of the Complaint are directed at another

party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff

contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 2 and, therefore, denies the allegations.

<strong><u>JURISDICTION, VENUE & PARTIES</u></strong>

3.      BANA admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 as well as 15 U.S.C. § 1681 *et seq.*, which speak for themselves.

4.      BANA admits that jurisdiction in this Court is proper as it regularly conducts business in this District.

5.      BANA admits venue is proper in this District as it regularly conducts business in this District.    BANA is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 5 of the Complaint at this time and, therefore, denies those allegations

6.      BANA admits "Plaintiff is a natural person."   BANA is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 6 of the Complaint at this time and, therefore, denies those allegations.

7.      BANA admits that BANA is a national association with its principal place of business located at 100 North Tyron Street, Charlotte, North Carolina 28255.

8.      The allegations set forth in paragraph 8 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 8 and, therefore, denies the allegations.

9.      The allegations set forth in paragraph 9 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff

2

contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 9 and, therefore, denies the allegations.

10.     The allegations set forth in paragraph 10 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 10 and, therefore, denies the allegations.

**FCRA STATUTORY STRUCTURE**

11.     BANA states that paragraph 11 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681b, which speaks for itself.  BANA denies any allegations in paragraph 11 of the Complaint to the extent inconsistent with this statute.

12.     BANA states that paragraph 12 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681e(b), which speaks for itself.  BANA denies any allegations in paragraph 12 of the Complaint to the extent inconsistent with this statute.

13.     BANA states that paragraph 13 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681i, which speaks for itself.  BANA denies any allegations in paragraph 13 of the Complaint to the extent inconsistent with this statute.

14.     BANA states that paragraph 14 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681i(a)(4), which speaks for itself.  BANA denies any allegations in paragraph 14 of the Complaint to the extent inconsistent with this statute.

15.     BANA states that paragraph 15 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681i(a)(5), which speaks for itself.  BANA denies any allegations in paragraph 15 of the Complaint to the extent inconsistent with this statute.

16.     BANA states that paragraph 16 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681i(a)(2) and 1681s-2(b), which speak for themselves.  BANA denies any allegations in paragraph 16 of the Complaint to the extent inconsistent with this statute.

17.     BANA states that paragraph 17 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681n, which speaks for itself.  BANA denies any allegations in paragraph 17 of the Complaint to the extent inconsistent with this statute.

18.     BANA states that paragraph 18 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681o, which speaks for itself.  BANA denies any allegations in paragraph 18 of the Complaint to the extent inconsistent with this statute.

## GENERAL ALLEGATIONS

19.     BANA is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Complaint at this time and, therefore, denies the allegations.

20.     BANA states that it is in the business of extending credit and reporting information regarding its consumer credit accounts and that it conducts business in Broward County, Florida. BANA denies any remaining allegations and conclusions in paragraph 20 of the Complaint.

21.     BANA denies the allegations and legal conclusions in paragraph 21 of the Complaint.

22.     BANA states that Plaintiff held a consumer credit account with BANA identified by account number beginning with 6400416860 ("Account"), and BANA reported information regarding the Account to Equifax, Experian, and Trans Union.  BANA denies any remaining allegations in paragraph 22 of the Complaint.

23.     BANA admits that the Account was satisfied in December 2023.

24.     BANA denies the allegations and legal conclusions in paragraph 24 of the Complaint.

25.     BANA denies the allegations and legal conclusions in paragraph 25 of the Complaint.

26.     BANA denies the allegations and legal conclusions in paragraph 26 of the Complaint.

27.     The allegations set forth in paragraph 27 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 27 and, therefore, denies the allegations.

28.     The allegations in paragraph 28 of the Complaint contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations in paragraph 28.

29.     The allegations in paragraph 29 of the Complaint contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations in paragraph 29.

## FACTUAL ALLEGATIONS

30.     BANA is without sufficient knowledge or information to admit or deny the allegations in paragraph 30 of the Complaint at this time and, therefore, denies the allegations

31.     BANA admits the allegations in paragraph 31 of the Complaint.

32.     BANA admits the allegations in paragraph 32 of the Complaint.

33.     BANA admits the allegations in paragraph 33 of the Complaint.

34.     BANA denies the allegations and legal conclusions in paragraph 34 of the Complaint.

35.     The allegations set forth in paragraph 35 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 35 and, therefore, denies the allegations.

36.     The allegations set forth in paragraph 36 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 36 and, therefore, denies the allegations.

37.     The allegations set forth in paragraph 37 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 37 and, therefore, denies the allegations.

38.     The allegations set forth in paragraph 38 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 38 and, therefore, denies the allegations.

39.     To the extent the allegations in paragraph 39 of the Complaint concern a certain "letter," that document speaks for itself.  To the extent the allegations in paragraph 39 are inconsistent with that document, BANA denies those allegations.  BANA denies the allegations and legal conclusions in paragraph 39 of the Complaint.

**PLAINTIFF'S DISPUTES**

40.     To the extent the allegations in paragraph 40 of the Complaint concern a certain "online dispute," that document speaks for itself.  To the extent the allegations in paragraph 40 are inconsistent with that document, BANA denies those allegations.  BANA is without sufficient knowledge or information to admit or deny the allegations and legal conclusions in paragraph 40 of the Complaint at this time and, therefore, denies the allegations.

41.     The allegations set forth in paragraph 41 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 41 and, therefore, denies the allegations.

42.     To the extent the allegations in paragraph 42 of the Complaint concern a certain "letter," that document speaks for itself.  To the extent the allegations in paragraph 42 are inconsistent with that document, BANA denies those allegations.  BANA is without sufficient knowledge or information to admit or deny the allegations and legal conclusions in paragraph 42 of the Complaint at this time and, therefore, denies the allegations.

43.     The allegations set forth in paragraph 43 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 43 and, therefore, denies the allegations.

44.     The allegations set forth in paragraph 44 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 44 and, therefore, denies the allegations.

7

## DAMAGES

45.    BANA denies the allegations and legal conclusions in paragraph 45 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

46.    The allegations set forth in paragraph 46 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraph 46 and, therefore, denies the allegations.

47.    BANA denies the allegations and legal conclusions in paragraph 47 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

48.    BANA is without sufficient knowledge or information to admit or deny the allegations in paragraph 48 of the Complaint at this time and, therefore, denies the allegations.

49.    BANA states that paragraph 49 of the Complaint purports to refer to the FCRA, 15 United States Code, § 1681n and 1681o, which speak for themselves.  BANA denies the remaining allegations in paragraph 49 of the Complaint to the extent inconsistent with this statute.

50.    BANA denies the allegations and legal conclusions in paragraph 50 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

51.    BANA denies the allegations and legal conclusions in paragraph 51 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to BANA)**

BANA incorporates by reference its responses to paragraphs 1 through 51 as though fully restated herein.

8

52.     BANA denies the allegations and legal conclusions in paragraph 52 of the Complaint.

53.     BANA admits the allegations in paragraph 53 of the Complaint.

54.     BANA denies the allegations and legal conclusions in paragraph 54 of the Complaint.

55.     BANA admits only that it received certain disputes.  BANA denies the allegations and legal conclusions in paragraph 55 of the Complaint.

56.     BANA denies the allegations and legal conclusions in paragraph 56 of the Complaint.

57.     BANA admits the allegations in paragraph 57 of the Complaint.

58.     BANA denies the allegations and legal conclusions in paragraph 58 of the Complaint.

59.     BANA denies the allegations and legal conclusions in paragraph 59 of the Complaint.

60.     BANA denies the allegations and legal conclusions in paragraph 60 of the Complaint.

61.     BANA denies the allegations and legal conclusions in paragraph 61 of the Complaint.

62.     BANA denies the allegations and legal conclusions in paragraph 62 of the Complaint.

63.     BANA denies the allegations and legal conclusions in paragraph 63 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

64. BANA denies the allegations and legal conclusions in paragraph 64 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

65. BANA denies the allegations and legal conclusions in paragraph 65 of the Complaint and further denies that Plaintiff is entitled to the requested relief in the Complaint.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Equifax, Experian, and TransUnion)**

66-77. The allegations set forth in paragraphs 66-77 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraphs 66-77 and, therefore, denies the allegations.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTIONS 1681i(a)(1), i(a)4, and i(a)(5)**
**(as to Equifax, Experian, and TransUnion)**

78-96. The allegations set forth in paragraphs 78-96 of the Complaint are directed at another party to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in paragraphs 78-96 and, therefore, denies the allegations.

**PRAYER FOR RELIEF**

BANA denies the allegations and legal conclusions of the Wherefore Clause following paragraph 96 of the Complaint, including its subparts a through f, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## DEMAND FOR JURY TRIAL

BANA denies that Plaintiff is entitled to a jury trial on any of his claims.

## GENERAL DENIAL

Any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

BANA states the following defenses to the Complaint, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff.  BANA reserves the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these defenses, as additional information is obtained through the discovery process or otherwise.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to allege facts sufficient to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Malice)

BANA specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.  Plaintiff's claim that BANA committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

### THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's Complaint seeks punitive damages.  BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.  Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.  BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or

11

provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

## FOURTH AFFIRMATIVE DEFENSE
### (Compliance with Law)

BANA met or exceeded the requirements of all applicable laws, regulations, and standards applicable to BANA.

## FIFTH AFFIRMATIVE DEFENSE
### (Contribution)

Any and all harm alleged by Plaintiff can be attributed to several causes, including Plaintiff's own failure to respond to requests for information, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## SIXTH AFFIRMATIVE DEFENSE
### (Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not BANA.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or

activities of Plaintiff and not by BANA.  Plaintiff's claims are barred or reduced by Plaintiff's own

negligence, mistake or fraud.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff did not incur any damages or loss as a result of any act or conduct by BANA.

Thus, Plaintiff lacks Article III standing.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### NINTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff fails to show that any alleged acts or omissions of BANA caused the injuries or

damages claimed by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Any damage or loss Plaintiff did incur as a result of any act or conduct by BANA would

be speculative at best and thus too uncertain for recovery.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith/Conformance with Applicable Standards)

With respect to all matters alleged in the Complaint, BANA at all times acted in good faith

and in conformance with all applicable government and industry standards, thus precluding any

recovery by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Mistake)

13

Any alleged acts or omissions of BANA that give rise to Plaintiff's causes of action are the result of innocent mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Written Agreement)

Plaintiff was a party to one or more written agreements with BANA.  BANA asserts the fact of such written agreements, as well as the terms of such written agreements, act as a bar to Plaintiff's claim.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, BANA hereby requests that this Court deny the relief and damages requested in the Complaint, enter judgment in favor of BANA, and award BANA costs, fees, and all other relief this Court deems just and appropriate.

Dated: July 10, 2025                     Respectfully submitted,

By      */s/ Jason R. Bowyer*
                Jason R. Bowyer
                Florida Bar No. 0693731
                Edward Paul Cuffe
                Florida Bar No. 1018521
                50 N. Laura Street, Suite 3300
                Jacksonville, Florida 32202
                (904) 798-3200 / (904) 798-3207 (fax)
                jbowyer@mcguirewoods.com
                fladmin@mcguirewoods.com
                pcuffe@mcguirewoods.com
                flservice@mcguirewoods.com
                *Counsel for Defendant Bank of America, N.A.*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF, which will serve Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

/s/ Jason R. Bowyer
Attorney

205813767_2